# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                 CRIMINAL NO. 12-1246 WJ

JIANYU HUANG,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 1-5 FOR FAILURE TO ESTABLISH REQUIRED ELEMENT THAT HE ACTED WITHOUT AUTHORITY (DOC. 95), and DENYING DEFENDANT'S MOTION TO DISMISS GOVERNMENT THEORIES OF PROSECUTION NOT SUPPORTED BY EVIDENCE IN THE GRAND JURY OR IDENTIFIED IN THE BILL OF PARTICULARS (DOC. 94)

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Counts 1-5 For Failure to Establish Required Element That He Acted Without Authority in Using the Thermal Energy Microscope (TEM), as Part of his Ordinary and Approved Job Duties, filed November 8, 2013 (**Doc. 95**);[1] and Defendant's Motion to Dismiss Government Theories of Prosecution Not Supported by Evidence in the Grand Jury or Identified in the Bill of Particulars, or in the Alternative, Motion in Limine to Preclude Testimony and Evidence of Same, filed November 8, 2013 (**Doc. 94**).[2]  The Court finds a hearing on these motions to be unnecessary, as the relevant issues and supporting arguments are adequately set forth in the parties' briefs.

## BACKGROUND

---

[1]  Defendant filed supplemental exhibits to this motion, *see* Doc. 96.

[2]  Defendant filed Doc. 94 as a public document, but Doc. 95 under seal for case participants only, which the Court assumes was done because certain exhibits were attached to Doc. 95 contain SNL proprietary information.  Because the Court's decision here does not make specific references to these exhibits, this Order will not be sealed from the public.

The Indictment charges Dr. Huang with five counts of Federal Program Fraud, 18 U.S.C. § 666(a)(1)(A) (Counts 1-5) and one count of Making a False Statement, 18 U.S.C. § 1001(a)(2) (Count 6). Counts 1-5 allege that Dr. Huang was an agent of Sandia National Laboratories (SNL), that SNL received funds in excess of $10,000 annually from the Department of Energy, and that Dr. Huang "embezzled, stole, obtained by fraud, intentionally misapplied and without authority knowingly converted to the use of persons not the rightful owner . . . [SNL] property worth at least $5,000." The Indictment charged that the "property" was "equipment, materials, the time and work product of SNL staff, and intangible property, including the right to determine what work is performed at SNL, and SNL's proprietary interest in intellectual property developed at SNL."

## DISCUSSION

Defendant seeks dismissal of Counts 1-5 for failure to establish the required element under 18 U.S.C. §666(a) that he acted without authority in using the TEM as part of his job duties.  Defendant further requests dismissal of the theory of prosecution regarding intellectual property on the grounds that the Government has not sufficiently identified the alleged stolen property or provided any evidence that the value of such property exceeds $5,000, as required under the statute.  Underlying both motions is Defendant's contention that Dr. Huang's research in lithium ion batteries and nano-technology was authorized, encouraged and funded in part by the U.S.-China Clean Energy Research Center (CERC), and that CERC was responsible for partial funding of the Center for Integrated Nanotechnologies (CINT), where Dr. Huang worked.

Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).  Motions alleging a defect in the indictment or that

it fails to state an offense may be heard at any time that the case is pending. Failure to charge an element of a crime is jurisdictional and requires dismissal of the indictment. *U.S. v. Prentiss*, 256 F.3d 971 (10th Cir. 2001) (en banc).

**I.      Defendants' Motion to Dismiss Counts 1-5 (Doc. 95)**

The element that Defendant acted without authorization is fundamental to prove theft under 18 U.S.C. § 666. The alleged theft in this case involves the misappropriation of TEM time. Defendant contends that the Government did not present to the grand jury all of the information pertaining to Dr. Huang's use of the TEM as part of his normal duties as a Sandia scientist, and that, had this information been presented, the grand jury would not have indicted him.[3]

The elements of proof for conviction under § 666(a) require the government to prove the defendant:

(1) was an agent of an organization, state, local, or Indian tribal government, or any agency thereof,
(2) [who] embezzled, stole, obtained by fraud, or otherwise without authority knowingly converted . . . property,
(3) that is valued at $5,000 or more, and
(4) that was owned by, or under the care, custody, or control of such organization, government, or agency. *United States v. Frazier*, 53 F.3d 1105, 1110 (10th Cir. 1995).

In addition, under § 666(b), the Government must prove that such organization, government, or agency "annually benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." *United States v. Pretty*, 98 F.3d 1213, 1218 (10th Cir. 1996) (quotation marks and citation omitted).

A.      <u>Acting Without Authority</u>

---

[3]   Defendant states that  the TEM policy was not produced by the Government until over 14 months after Dr. Huang's Indictment, and only in response to Defendant's request for specific discovery.  Doc. 95 at 3.

Defendant argues that the Government cannot prove the element of §666 in Counts 1-5 requiring that he acted without authorization, and that all the conduct alleged in Counts One through Five was covered by pre-existing TEM user projects which were clearly part of his discretionary work as a CINT scientist related to the collaborative effort between American and Chinese scientists in the CERC program.   Defendant contends that the Government failed to present certain information to the grand jury, including TEM user policy and usage logs, as well as reviews and audits by the Department of Energy (DOE) which Defendant claims are highly exculpatory on the issue of Defendant's authorization to use the TEM.   *See* Doc. 99 (Deft's Mot. to Compel).

Counts One and Two in the Indictment pertain to Defendant's scientific collaboration with Chinese physicists Jie Yu and Hong Li.   Defendant contends that no SNL TEM time was ever used with regard to the information charged in Count One, because Dr. Yu could not provide the diamond sample that Defendant requested and thus did not have the opportunity to observe the physical properties of that sample using the TEM.   With regard to the conduct charged in Count Two, Defendant states that he requested several material samples from Dr. Yu which related to work Defendant was doing regarding lithium-ion batteries.   Defendant used a carbon fiber sent by Dr. Yu for TEM analysis, and the results of that data resulted in a paper published by SNL, which Defendant contends indicates ratification by SNL of Defendant's usage of the TEM.

Count Three alleges illegal TEM usage with regard to work that was done in collaboration with Pingchou Han of Peking University.   Defendant states that this work was done while Defendant was affiliated with Boston College, but the results were confirmed using the CINT TEM.  Defendant points out that the TEM pictures were sent to Georgia Tech as well

4

as the University of Minnesota, again indicating that this work was part of pre-existing sanctioned user projects at SNL.   Count Four relates to scientific collaboration between Defendant and Dr. Yong Yang of Xiamen University in Xiamen, China.   Dr. Yang is a lithium battery expert whom Defendant met at a material science physics symposium in San Francisco in 2011. Dr. Huang gave a presentation at the symposium.   In the charged conduct, Defendant requested that Dr. Yang produce fluorinated carbon nanotube samples.   The samples were produced and shipped to Dr. Huang and were analyzed using the CINT TEM.   Defendant contends that the scientific collaboration between Dr. Yang and Defendant was covered by work authorized and approved by SNL and that the use of the TEM was completely approved and ratified by CINT supervisors both before the work was done and by virtue of their review and analysis of the TEM usage logs.   Count Five relates to collaboration with Wenzhong Wang, a physicist who teaches at Minzu University in Beijing in obtaining palladium nanowires. Defendant claims that he had one of his postdoctoral students examine the nanowires, using 5.5 hours of TEM time to examine the samples.   The same nanowires were also requested from a physicist at the University of Puerto Rico.   This work was specifically done pursuant to battery development for which there were CINT approved user agreement and was part of Defendant's CERC directed CINT science.

However, the only question here is whether the indictment sufficiently alleges the elements of §666.  Rule 12 of the Federal Rules of Criminal Procedure provides that "a party may raise by pretrial motion any defense, objection or request that the court can determine without trial of the general issue."  Fed.R.Crim.P. 12(b)(2).   In addition, Rule 12 (b)(3) provides that a motion may be raised before trial alleging a defect in the indictment or information, and further states that a court may hear a pretrial motion on a claim "that the indictment or

information fails to invoke the court's jurisdiction or to state an offense." An indictment will normally be considered to state an offense if it tracks the relevant statutory language. *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) ("An indictment that sets out the words of the statute generally is sufficient so long as the statute itself adequately states the elements of the offense") (citations omitted). The allegations contained in Counts One through Five of the Indictment track this statutory language. Doc. 2. It sufficiently sets forth the alleged conduct and dates pertaining to each of the five counts, as well as the relevant elements of the alleged federal program fraud; thus, no further factual assertions are necessary. *United States v. Wood*, 6 F.3d 692, 698 (10th Cir.1993) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.").

Defendant essentially urges the Court to consider evidence extrinsic to the Indictment prior to trial. The Court agrees with the Government that such evidence is for a jury at trial and should not be considered by the Court as the fact finder. *See United States v. Self,* 2 F.3d 1071, 1082 (10th Cir. 1993) (a district court may not resolve evidentiary issues on a pretrial motion to dismiss) (citing *United States v. Kilpatrick*, 821 F.2d 1456, 1462 n. 2 (10th Cir. 1987)). In support of his position, Defendant relies on *United States v. Hall,* 20 F.3d 1084, 1086 (10th Cir. 1994), in which the Tenth Circuit upheld the dismissal under Rule 12(b)(3) of a §924(c) count from a multiple count drug trafficking indictment upon a pretrial motion. However, *Hall* addressed a very specific situation where the both parties agreed that there were not material

6

facts in dispute, and the government made no objection to the court's consideration of the facts outside the four corners of the indictment.

This is not the situation here, and *Hall* does not apply in this case because, even if the operative facts were not in dispute, the Government objects to their consideration at this point. In *U.S. v. Robert Vigil,* United States District Judge James A. Parker considered the "narrow exception" which was carved out by the Tenth Circuit in *Hall,* and concluded the court in *Vigil* would "not consider the sufficiency of any evidence in evaluating Defendant's motion to dismiss, and will instead accept the allegations of the indictment as true." *See* Crim. No. 05-2051 JP, Doc. 79 at 3 (attached as Gov't Ex. 1).   In fact, *Hall* does not depart from the general principles of testing the constitutional sufficiency of an indictment, which is that courts "should refrain from considering evidence outside the indictment when testing its legal sufficiency."   20 F.3d at 1087 (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962) ("An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.").

The Court agrees with the Government that the Court's pretrial  consideration of extrinsic evidence is not appropriate.  This evidence should be subject to a fact finder's weight and credibility assessment of witnesses.   Moreover, as Defendants observe, Defendant's motion omits critically important evidence supporting the allegations, which are *not* exculpatory.  For example, the same "supplemental" exhibit that proposes to support Defendant's authorization to spend time on their original work, also includes statements indicating that CINT scientists were not given total freedom to work on projects without their supervisor's knowledge, and that Defendant had never been authorized to work on a project with personnel from the Peking University of the People's Republic of China, the Shanghai Institute of Ceramics.  Doc. 96-1.

7

The Government's brief includes other inculpatory evidence, which Defendant's brief fails to mention. *See* Doc. 107 at 10-11.   Thus, Defendant seeks dismissal of the Indictment based on an unchallenged one-sided presentation of the evidence.

Accordingly, Defendant's motion is denied on the basis that the Court finds the Indictment to be legally and constitutionally sufficient.[4]

## II.    Defendants' Motion to Dismiss Government Theories of Prosecution Not Supported by Evidence (Doc. 94).

In this motion, Defendant argues in a similar fashion.   Defendant contends that the government has failed to sufficiently alleged the required element under §666 that any alleged property stolen (the intellectual property, in this case) has a value over $5,000, and further, that the Government has failed to identify what intellectual property was allegedly taken so that Defendant could prepare his defense to those allegations.

Defendant claims that the Government's only attempt at a valuation of the property allegedly stolen is though Gerald Hendrickson, the Government's expert.   Defendant maintains that Mr. Hendrickson's opinion is faulty because he did not examine the TEM policy or logs to determine appropriate TEM usage, and because he made assumptions as to whether TEM use was unauthorized and amount of time Defendant actually used the TEM.   Based on the Government's failure to specifically present evidence of the value of the alleged stolen intellectual property, Defendant urges the Court to dismiss the theory of prosecution regarding intellectual property to preclude the Government precluded from presenting this theory at trial.

---

[4]   In his section setting out the relevant legal standards, Defendant sets forth the relevant law on dismissal of an indictment based on perjury before the grand jury and on failure to present exculpatory evidence before the grand jury.   They are not presented as separate issues distinct from Defendant's general motion regarding the insufficiency of the Indictment, and probably for this reason, were not addressed separately by the Government.   At any rate, these issues do not merit separate attention from the Court, as both witness testimony as well as any exculpatory evidence would be subject to the same weight and credibility as any of the extrinsic evidence referred to in this motion.

An indictment must contain all the essential elements of the offense charged, adequately inform the defendant of the charge he must be prepared to defend against, and enable the defendant to plead a double jeopardy defense in any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *U.S. v. Dashney,* 117 F.3d 1197, 1205 (10th Cir. 1997); *U.S. v. Prentiss,* 206 F.3d 960, 964 (10th Cir. 2000), modified en banc, 256 F.3d 71 (10th Cir. 2001).

The Government contends that there was grand jury testimony in the record, and which is in Defendant's possession, which supports the inclusion of intellectual property as among the kinds of property that Defendant allegedly took.[5]   The Government points to one such piece of evidence in the form of the testimony of Dr. Neil Shinn, one of Defendant's supervisors at CINT. Dr. Shin described intellectual property as "real property" which has value.  *See* Doc. 108 at 4. The allegations contained in the Indictment also indicate that Defendant sent work that he performed at the lab to external colleagues without clearing this through the lab.   The Court finds no deficiency in the Indictment in giving Defendant adequate information and reference  on the nature and cause of the accusation.  *See Hamling,* 418 U.S. at 117 (The Sixth Amendment provides that the accused shall enjoy the right "to be informed of the nature and cause of the accusation").[6]   Thus, even based on the limited portion of the grand jury record that Defendant has in his possession, Defendant knows or should know that there was testimony in the record supporting the inclusion of intellectual property as among the kinds of property that he allegedly took.

---

[5]   The Government represents that it made early disclosures of transcripts of testimony of certain witnesses before the grand jury, and that Defendant has not requested the Government to disclose the entire record of the grand jury proceeding.

[6]   Defendant charges that the intellectual property aspect of the Indictment is "not supported by evidence . . . identified in the Bill of Particulars. . . ."  Doc. 94 at 1.  The Government filed no Bill of Particulars in this case.  The Government did file a response to Defendant's demand for a bill of particulars (Doc. 44), which the Court ultimately denied as moot, subject to Defendant's re-filing of the motion identifying specific deficiencies at a later date.   Doc. 97.

In addition, Defendant argues that the Government should not be allowed to prove at trial that he took intellectual property from SNL because the summary of Mr. Hendrickson's expert opinion as to economic cost valuation did not attach a dollar value to it.   The Government concedes that, while the report includes an estimation of a lower-bound cost to SNL of $94,033.38 from Defendant's activities, it did not consider the foregone benefits of intellectual property in estimating the loss amount.   However, as the Government notes, where multiple items of property are taken, there is no requirement that the property be disaggregated.  Rather, the requirement is that the property, taken as a whole, exceed $5,000.00 in value.  *See, e.g., United States v. Sanderson*, 966 F.2d 184, 189 (6th Cir. 1992) ("Under Section 666, where multiple conversions are part of a single scheme, it seems appropriate to aggregate the value of property stolen in order to reach the $5,000 minimum required for prosecution. . . .").   Thus, the Indictment sufficiently alleges that the aggregate value of property taken by Defendant exceeded $5,000.00 per program count.

The Court has already concluded that a district court may not resolve evidentiary issues on a pretrial motion to dismiss.  Defendant's request for additional evidence to support the value amount of the alleged intellectual property is essentially a request to try this aspect of the case prior to trial, when such evidence should be considered by a jury at trial.  *See* 18 U.S.C. §666 (requiring the Government to *prove*  that the converted property "is valued at $5,000 or more").

## CONCLUSION

In sum, I find and conclude that Defendant's motion to dismiss Counts 1-5 is denied on the basis that the Court finds the Indictment to be legally and constitutionally sufficient.   In seeking to dismiss 1-5, Defendant asks the Court to consider and weigh extrinsic evidence that should be before the fact finder at trial.

I also find and conclude that the Court finds no basis to under § 666(b) to dismiss the theory of prosecution regarding theft of intellectual property, or to preclude the government from presenting this theory at trial.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Counts 1-5 For Failure to Establish Required Element That He Acted Without Authority in Using the Thermal Energy Microscope (TEM), as Part of his Ordinary and Approved Job Duties (Doc. 95) is DENIED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED**   that Defendant's Motion to Dismiss Government Theories of Prosecution Not Supported by Evidence in the Grand Jury or Identified in the Bill of Particulars, or in the Alternative, Motion in Limine to Preclude Testimony and Evidence of Same **(Doc. 94)** is DENIED for reasons described in this Memorandum Opinion and Order.


_____
UNITED STATES DISTRICT JUDGE