IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.                                                            Case No.: CR 12-1246 WJ

**JIANYU HUANG,**

**Defendant.**

---

PROTECTIVE ORDER AND
USE AND DISCLOSURE AGREEMENT

---

The parties in this criminal matter have informally requested and subpoenaed documents and data owned by the Department of Energy in the custody of Sandia National Laboratories and documents and data owned by Sandia Corporation d/b/a Sandia National Laboratories. These documents require review by Sandia classification authorities before production to ensure they are protected in accordance with federal laws, regulations, DOE Orders and Sandia's Prime Contract with DOE. Indeed DOE has directed Sandia not to produce any documents without classification review. In order to: (1) facilitate production of documents and tangible things requested informally and commanded pursued to a Rule 17(c) Subpoena; and (2) ensure adequate understanding of and compliance with requirements for protection of sensitive and controlled information in accordance with federal laws, regulations and DOE Orders, and (3) facilitate the identification of documents required to be protected and the resolution of disputes over protection in a prompt,

expeditious, and efficient manner, the Court, finding good cause to support the entry of a protective order in this matter, it is

HEREBY ORDERED BY THE COURT:

This Protective Order shall govern the use, dissemination, protection, and destruction of all information, documents, or materials that are properly designated as Protected Information pursuant to the terms and procedures in this Protective Order and produced in the above-captioned action ("this Action"), whether the information, documents, or materials are from parties or non-parties. However, this Protective Order is not intended to govern the use of Protected Information at any trial or evidentiary hearing in this Action. Questions regarding the protection of information during trial will be presented to the Court and the designating party prior to and during trial as each party deems appropriate.

This Protective Order binds the parties and their respective agents, successors, personal representatives, assignees, and others who have signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A.

## DEFINITIONS

1.  The term "document" or "documents," as used herein, includes all documents and tangible things produced pursuant to informal requests from the parties and pursuant to the Rule 17(c) subpoena issued to Sandia Cooperation by Defendant Jianyu Huang on December 17, 2013, including writings, graphics, or other communications in all media, including but not limited to paper and electronic copies.

2.  The term "Trade Secret," as used herein, means information, including a formula, pattern, compilation, program, device, method technique, or process that:

    A.    Is not generally known or readily available which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it;

    B.    Derives economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure and use; and

    C.    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

3.    The term "Protected Information," as used herein, includes Sandia proprietary information, other third-party proprietary information, Trade Secrets and other private party information. This typically includes confidential, research, development, or commercial information, non-public financial data, and private individual data including (A) confidential health information protected by the Health Insurance Portability and Accountability Act (HIPAA); (B) private income tax information; and (C) any and all references to confidential work restrictions and compensation. For the purposes of this Protective Order, Protected Information also includes information owned by the Department of Energy (DOE) subject to conditional or limited access or dissemination under any or all applicable federal statutes, regulations, or other laws, including but not limited to any applicable U.S. or foreign export control laws and regulations, such as International Traffic in Arms Regulations ("ITAR"), and any applicable Department of Energy or Department of Defense instructions or directives concerning critical program information, critical information, unclassified controlled information, unclassified controlled nuclear information, "Official Use Only" (DOE) information, "For Official Use Only" (DOD) information, information containing

distribution statements or other designations indicating controlled access and dissemination, or information exempt from public disclosure under the Freedom of Information Act. The term does not include classified information, or information protected as classified, as such information requires different protections and procedures that are addressed in the Protective Order entered by the Court on May 21, 2013 [Doc. No. 53].

## PROTECTIVE PROCEDURES

4.  Sandia, DOE, or a Party ("Designating Party") may, in good faith, designate materials, such as documents and tangible things (including e-mail and electronic data), in this Action that contain Protected Information as "PROTECTED" and subject to this Protective Order. Documents and tangible things designated as "PROTECTED" under this Protective Order shall be used only for the purpose of this Action and shall not be used for any personal or business purpose, or in any other litigation or other proceeding, or for any other purpose, except by leave of Court, as otherwise required by law, or as set forth in Paragraph 18. There shall be no reproduction of material subject to this Protective Order except for the purposes permitted herein. As is reasonably necessary for these purposes, copies, excerpts, or summaries of these materials may be made, shown, or given to those persons authorized under Paragraph 6 of this Protective Order.

5.  Documents and other tangible things that Sandia, DOE or a party in good faith have determined to be competitively sensitive, confidential, or otherwise merit protection may be designated by a party or non-party as "PROTECTED" either by a stamped legend if it is produced in hard copy or by similar means if the data are produced in electronic form, or by counsel's statement on the record if the information is elicited in oral form.

6. Material subject to this Protective Order shall be maintained in confidence by the receiving party and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons: (a) parties and their attorneys of record in this Action; (b) attorneys, staff, or litigation support contractors assisting in the conduct of this Action, who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A; (c) experts or consultants retained in this Action, including both consulting and testifying experts, who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A; (d) the Court and court personnel; (e) court reporters and deposition services contractors who record testimony taken in the course of this Action who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A; (f) any private mediators utilized in this Action who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A; (g) non-party witnesses who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A; (h) law enforcement personnel and private contractors engaged for the sole purpose of assisting with the investigation or litigation of this Action who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A; and (i) persons noticed for depositions or designated as trial witnesses and their attorneys to the extent reasonably necessary in preparing to testify who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A, and provided that no Protected Information is left in the possession of such persons. Counsel shall be required to maintain, in their respective offices, a list of individuals who have signed the "Use and Disclosure Agreement," as well as copies of the signed "Use and Disclosure

Agreements," for a period of two years following the conclusion of this Action, including any appeals.

7.     If a party wishes to disclose or transfer material subject to this Protective Order to any person not identified in Paragraph 6, permission to so disclose or transfer must be requested from the Designating Party, in writing. If the Designating Party objects to any proposed disclosure or transfer, no such disclosure or transfer shall be made unless ordered by the Court upon motion by the requesting party. The Designating Party, although the non-moving party, shall have the burden of proving that the material merits protection under applicable laws and/or regulations.

8.     The parties may use material subject to the Protective Order as an exhibit or attachment to any motion or as a deposition exhibit and may show such material to a witness in this Action for these purposes, provided the witness has first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A. Any document to be filed with the Court that contains material designated "PROTECTED" shall be filed under seal in accordance with the procedures set forth in the local rules of the District Court for the District of New Mexico, including the conspicuous notation: "PROTECTED." Any party or third party filing a document or pleading that contains material that is subject to this Protective Order shall also contemporaneously file a public, redacted version of the same document or pleading that is not under seal.

9.     Motions, briefs, memoranda, or other papers may paraphrase or summarize material subject to this Protective Order without being filed under seal, so long as such paraphrasing is done in such a manner as to maintain the protected nature of the material.

10. Counsel for the parties shall serve a true and complete copy of this Protective Order on any non-party on whom a trial subpoena is served or who has been identified as a witness who may testify at any hearing in this Action whose anticipated testimony will concern material designated as subject to this Protective Order or who has otherwise been shown or given access to material designated as subject to this Protective Order. All such persons shall be advised of the obligation to honor the "PROTECTED" designation and that he or she is prohibited from disclosing any such material to any other person except as provided herein.

11. The Department of Energy, who owns much of the information and data requested in this Action shall be entitled to the protections afforded herein and may designate as subject to this Protective Order, information, documents, or things which it owns that are being commanded by Sandia to produce in the same manner as provided herein.

12. Any party may object to a designation of material as subject to this Protective Order at any time by giving notice via email or written correspondence to counsel for the Designating Party or producing non-party person or entity such as Sandia or DOE. Such notice shall identify the material to which the objection is directed and contain a short statement of the reasons for the objection. The parties shall promptly confer. If the objecting party and Designating Party or producing non-party person or entity are unable to resolve their differences within fifteen (15) business days after the Designating Party's or producing non-party person or entity's receipt of the notice, the objecting party may file an appropriate application with the Court requesting that the designated material not be treated as subject to this Protective Order. The party making the designation, although the

non-moving party, shall have the burden of proving that the designated material merits protection. During the pendency of any motion to remove a "PROTECTED" designation, the parties shall treat the materials as Protected Information pending the Court's order.

13. The inadvertent production of material subject to this Protective Order which has not been marked as such, shall not be a waiver of confidentiality, provided that the producing party notifies (including via email) the receiving party within five (5) business days after discovery of the inadvertent production and designates the material as "PROTECTED" and provides a copy so designated. Upon request of the producing party and receipt of a replacement copy, the receiving party shall return or destroy all copies of the previously inadvertently produced undesignated material. However, the receiving party shall be entitled to rely on the lack of designation of the material as subject to this Protective Order until otherwise notified under this paragraph.

14. Within thirty (30) business days of the termination of this Action, including all appeals, the parties shall request disposition instructions from Sandia and DOE with respect to all material designated "PROTECTED," regardless of format and only to the extent that a party or witness did not lawfully possess such materials prior to the unsealing of this Action. As part of this request, the parties shall include a proposed disposition plan describing the steps to assemble, account for, and return or destroy material designated "PROTECTED." This plan shall be subject to Sandia and DOE approval. If instructed to do so by the producing party, destruction of material designated "PROTECTED" shall be accomplished by any method that will prevent disclosure or reconstruction of the contents of such material.

15. Counsel for the parties will make all reasonable efforts to safeguard all material designated "PROTECTED" and shall promptly notify Sandia and DOE of any unauthorized disclosure or access to such material.

16. If any party seeks to modify, supplement, or terminate the terms of this Protective Order it must give notice to Sandia and DOE.

17. Nothing in the provisions of this Protective Order shall be deemed to preclude the parties from refusing to produce protected documents on valid grounds other than the protected nature of the information contained therein. This Protective Order is not meant to cover adjudication of claims regarding attorney-client privileges or work product documents or other materials or documents not subject to disclosure as a matter of law. The party or non-party who produces its own Protected Information is not precluded by this Protective Order from disclosing or using that material in accordance with applicable law, notwithstanding the designations placed on that material by any other party or non-party.

18. Nothing in the foregoing provisions shall impact or modify any restrictions on any documents or information imposed by the DOE, DOD, or any other U.S. government agency, law, regulation, or other restriction. The parties will familiarize themselves with and comply with all applicable laws, regulations, U.S. government agency orders, and other restrictions pertaining to sensitive and controlled documents or information that are subject to this Protective Order.

19. Certain documents produced in this action by Sandia may be marked as subject to applicable U.S. or foreign export control laws and regulations, including but not limited to ITAR. Nothing in the foregoing provisions shall impact or modify any restrictions on any documents or information imposed by any such laws or regulations In addition, the

parties will notify, in advance of any submission of a request for an export license, all other parties to this Action and Sandia and DOE of any and all export licenses sought in connection with this Protective Order. All materials or documents produced by Sandia in this Action are to be shared only with U.S. Citizens who are not also citizens of another country unless the material or document is specifically marked to allow release to those foreign nationals.

20. Certain documents Sandia produces in this action may be identified as unclassified controlled information, including unclassified controlled nuclear information ("UCNI"), pursuant to federal laws, regulations, or DOE Orders. Nothing in the foregoing provisions shall impact or modify any restrictions on any documents or information imposed by any such laws, regulations, or orders, including but not limited to all restrictions regarding the access transmission, storage, reproduction and destruction of this material. In addition, the parties will notify, in advance of any submission of a request to the DOE, National Nuclear Security Administration, or other U.S. government agency for "special access" to UCNI, Sandia and all other parties to this Action of any such requests sought in connection with documents subject to this Protective Order.

22. This Protective Order shall remain in full force and effect during and after the termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals therefrom, until modified by an Order of the Court.

IT IS SO ORDERED THIS 24th DAY OF February, 2014.

_____
United States District Court Judge