IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

       vs.                                                CRIMINAL NO. 12-1246 WJ

JIANYU HUANG,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S SECOND MOTION FOR BILL OF PARTICULARS**

THIS MATTER comes before the Court upon Defendant's Second Motion for Bill of Particulars, filed January 21, 2014 **(Doc. 127)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is without merit and shall be denied.

**BACKGROUND**

Counts 1 through 5 of the seven-count Superseding Indictment (Doc. 132, Redacted) charges that Defendant violated 18 U.S.C. §666(a)(1)(A) in that he "embezzled, stole, obtained by fraud, intentionally misapplied and without authority knowingly converted to the use of persons not the rightful owner" property belonging to Sandia National Laboratories (SNL).[1]

The Court denied Defendant's first Motion for a Bill of Particulars as moot because it was premature. Defendant asserted that the Indictment did not adequately inform him what property he was alleged to have embezzled, stolen, obtained by fraud or intentionally misapplied.

---

[1] The Government's filing of a Superseding Indictment after this motion was filed has no effect on the Court's analysis or conclusion. Counts 1 through 5 are set out in the Superseding Indictment as they were set out in the original Indictment, and the Government's theory of the case has not changed, contrary to Defendant's inference. Doc. 127 at 3. Also, the instant motion does not concern the alleged conduct in Count 6 (Making a False Statement, in violation of 18 U.S.C. § 1001(a)(2)) or Count 7 (alleging theft of SNL property referring to the SNL laptop computer that Dr. Huang took to China).

At the time the first motion was filed, Defendant had not been able to review the discovery and had not yet obtained the requisite security clearances. *See* Doc. 97. Now that Defendant has reviewed the discovery and received security clearances, he returns with a Second Motion for a Bill of Particulars. In the instant motion, Defendant seeks information regarding what constitutes "without the authority of SNL" which would preclude an individual working for the Center for Integrated Nanotechnologies (CINT) where Dr. Huang worked, from using the Transmission Electron Microscope ("TEM").

## DISCUSSION

Federal Rule of Criminal Procedure 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). For each count, the indictment must also give the official or customary citation of the statute that the defendant is alleged to have violated. *Id*. An indictment is sufficient if it: (1) contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend; and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Bedonie*, 913 F.2d 782, 790 (10th Cir. 1990). Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense. *See Hamling*, 418 U.S. at 117-18; *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). An indictment need not allege in detail the factual proof that the government will rely on to support the charges. *See United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) ("[T]he defendant is not entitled to know all the evidence the government intends to produce at trial, but is entitled to learn the theory of the government's case.").

The purpose of a bill of particulars is to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *Dunn*, 841 F.2d at 1029.  Courts have "very broad discretion in ruling upon requests" for bills of particulars.  *Will v. United States*, 389 U.S. 90, 99 (1967).

The Government views Defendant's motion as a vehicle for a discovery demand—and the Court agrees with this position.  Defendant does not claim that the Indictment does not contain the elements of the charged offenses, nor does he give any reason why the Indictment is insufficiently precise in enabling him to prepare a defense.  Instead, defense counsel seeks discovery of regulations, policies and procedures that define appropriate use of a particular piece of equipment, and expresses frustration that certain TEM policies and logs were never provided to the Government's expert.  Doc. 127 at 2.  Such matters have more relevance to *Daubert* motions than to a motion for a bill of particulars.  *See United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) ("A bill of particulars may not be used to compel the government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial").

As a side matter, the Court notes that Defendant recently filed a motion to dismiss Counts 1-5 on somewhat related grounds.  Doc. 95.  In that motion, Defendant asserted that the Government failed to establish the required element under 18 U.S.C. §666(a) that Defendant acted "without authority" in using the TEM as part of his job duties.  The Court denied Defendant's motion, finding the evidence at issue to be extrinsic to what is required in an Indictment and more appropriately considered at trial.  Doc. 118, Mem.Op. & Order).  In considering Defendant's earlier motion to dismiss, it would seem that Defendant assumes a somewhat inconsistent stance.  In the earlier motion to dismiss, Defendant argued that the

Government had not presented to the grand jury all of the information pertaining to Dr. Huang's use of the TEM as part of his normal duties at SNL, and that if it had, the jury would not have found a basis to indict Defendant for acting "without authority." However, in the instant motion for a bill of particulars, Defendant seeks to identify the same information (constituting evidence of acting "without authority") which was apparently clear enough to defense counsel when he filed the earlier motion to dismiss.

In sum, a bill of particulars is not a discovery device, *Dunn,* 841 F.2d at 1029, and, where an indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial, a bill of particulars is not warranted. *See Levine*, 983 F.2d at 167. Here, the information Defendant seeks is more appropriately treated as evidence for trial. Accordingly, Defendant's motion is DENIED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE