**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                     Case No. 12-CR-1246 WJ

JIANYU HUANG,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF GRAND JURY PROCEEDINGS HELD ON JANUARY 22, 2014

THIS MATTER comes before the Court upon the Defendant's Motion to Compel Disclosure of Grand Jury Proceedings (Doc. 158) filed on 02/19/2014. The Defendant asks the Court to order the Government to disclose the unredacted transcripts of the grand jury proceeding held on January 22, 2014.

Based on the reasons stated below, the Defendant's Motion to Compel is DENIED.

## BACKGROUND

On January 21, 2014, defense counsel came across in Defendant's former Sandia National Laboratory (SNL) office an unredacted copy of the SIMP (Security Incident Management Program) report which indicated that (1) Defendant acted negligently or recklessly in losing the laptop and hard drive, but that he acted intentionally in using the PowerPoint presentation; and (2) that Defendant's noncompliance with security requirements was intentional and that the consequences of his noncompliance were intended. While Defendant believed this information to be exculpatory, he could not obtain a copy of the unredacted SIMP report until he signed a protective order because SNL had classified the document as "for Office Use Only."

1

On January 22, 2014, the Government proposed a Superseding Indictment to a grand jury without presenting the contents of the unredacted SIMP report.[1] The grand jury voted to return an indictment which added more counts to the previous indictment.

The Defendant contends that he needs the unredacted transcript of the grand jury proceeding to determine

(1) whether all known exculpatory evidence was presented to the grand jury;
(2) whether the government used the grand jury for the primary purpose of strengthening its case on the original indictment, including attempting to defeat Defendant's *Garrity/Kalkines* motion by changing Defendant's employer from "Sandia National Lab" to "Sandia Corporation;"
(3) whether in the superseding indictment, the government presented to the grand jury any statements compelled from Defendant in the Sandia/DOE internal investigation for purposes of establishing a record for *Garrity* motion; and
(4) whether the government had new evidence against Defendant to seek the superseding indictment.
(5) Further, to prepare the Motion to Dismiss for failure to present exculpatory evidence which must be filed by March 21, 2014 pursuant to the Court's Amended Scheduling Order.[2]

## LEGAL STANDARD

Grand jury secrecy is codified in Rule 6(e) of the Federal Rules of Criminal Procedure. One of the exceptions under which disclosure of grand jury matters may be authorized is disclosure preliminary to or in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). A court may permit disclosure of grand jury materials under Rule 6(e)(3)(E)(i) only when the requesting party has demonstrated a "particularized need" for the material. *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 211 (1979). Under the *Douglas* standard, the movant must demonstrate that the material sought is

(1) needed to avoid a possible injustice in another judicial proceeding,
(2) that the need for disclosure is greater than the need for continued secrecy, and
(3) that [the] request is structured to cover only material so needed…

---

[1] Since then, the Government has brought a Second Superseding Indictment in late March 2014.
[2] The Court has granted an extension for Defendant to file this motion by April 28, 2014.

>(4) [Moreover], in considering the effects of disclosure of grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effects upon the functioning of future grand juries.

*Id.* at 222; *see also United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958).

A showing of particularized need impliedly requires the party seeking disclosure to demonstrate a specific and allowable use for the testimony. *In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991). A showing that the testimony would be relevant and helpful in a connected proceeding is not sufficient to meet this burden. *Id.*

## DISCUSSION

### I.    Finding Out Whether All Known Exculpatory Evidence was Presented to the Grand Jury is Not a Particularized Need

The Defendant must show a particularized need to compel disclosure under Fed. R. Crim. P. 6(e)(3)(E)(i). Here, the Defendant claims that he has a particularized need for the unredacted transcript of the grand jury proceeding because he wants to find out whether all known exculpatory evidence was presented to the grand jury. By exculpatory evidence, Defendant in part seems to be referring to the unredacted SIMP report that defense counsel found in Defendant's former office at SNL.

The Government responds that it already informed the Defendant and the Court that the content of the SIMP report was not presented before the grand jury on January 22, 2014. Therefore, the Defendant has no need to check the unredacted transcript to find out whether the Government really did present that information.

Further, the Government correctly asserts that it had no obligation to present the SIMP report to the grand jury because the Defendant has no right to have exculpatory evidence presented to the grand jury. *United States v. Williams*, 504 U.S. 36, 51-52 (1992) (stating that the

purpose of a grand jury is to assess whether there is adequate basis for bringing a criminal charge…that it has always been thought sufficient to hear only the prosecutor's side).

Finally, the Government argues that the unredacted SIMP report, which Defendant claims contains exculpatory information, is not even exculpatory. The report addresses two issues. The report regarding the first issue concludes that the Defendant acted negligently or recklessly in losing the laptop and hard drive, but that he acted intentionally in using the PowerPoint presentation. The report regarding the second issue concluded that the Defendant's noncompliance with security requirements was intended and that the consequences of his noncompliance were intended. Hence, the unredacted SIMP report actually shows that SNL found Defendant culpable.

Granted that (1) the Defendant already knows that the unredacted SIMP report's contents were not presented to the grand jury, (2) Defendant has no right to have exculpatory evidence presented to the grand jury, and (3) the SIMP report's content was not even exculpatory, Defendant has failed to present a particularized need. To hand over the grand jury transcript based on his proffered reason would only permit the Defendant to embark on a fishing expedition.

II.     **Defendant's Remaining Claims of Particularized Need has No Merit**

A.  Defendant's Claims that Government Used the Grand Jury to Determine (1) Whether the Government Used the Grand Jury to Strengthen its Case and (2)Whether the Superseding Indictment was Justified by the Existence of New Evidence

Without elaboration, the Defendant simply alerts the Court of his suspicion that the Government intentionally brought a superseding indictment because it wanted to defeat the Defendant's *Garrity/Kalknies* motion by using that opportunity to change the Defendant's

4

employer's name from "Sandia National Labs" to "Sandia Corporation." The Defendant also questions whether the superseding indictment was justified by the existence of new evidence.

The Court agrees with the Government that the Defendant's reasons fail to demonstrate a "specific and allowable use" for the unredacted transcript of the grand jury proceeding. It does not matter why the Government brought a superseding indictment because "[a] superseding indictment may be returned at any time before a trial on the merits". *See United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991). Dispelling the Defendant's suspicion that the Government's superseding indictment was not justified or that the Government brought the superseding indictment to strengthen its case are improper bases to authorize disclosure of the proceeding.

   B.   Defendant's Claims that He Needs the Grand Jury Transcript to Determine Whether in
        the Superseding Indictment, the Government Presented to the Grand Jury Any Statements
        Compelled from Defendant in the Sandia/DOE Internal Investigation to Establish a
        Record for the *Garrity* Motion

The Defendant asserts that he needs the grand jury transcript to find out whether the Government presented to the grand jury any statements compelled from Defendant to establish a record for the *Garrity* motion. The Government correctly responds that the Defendant's burden in the *Garrity* context is not to show that allegedly compelled statements were used in the grand jury proceeding. Rather, the Defendant's burden is to show that the compulsion at issue came at the hands of the Government, that the Defendant had a subjective expectation of immediate termination at the hands of the Government if he did not supply a statement, and that such a subjective expectation was objectively reasonable. Hence, the contents of the grand jury transcript are of no use in Defendant's *Garrity* motion. Again, the Defendant has failed to articulate a particularized need.

   C.   Defendant's Claim that He Needs the Grand Jury Transcript to Prepare His Motion to
        Dismiss for Failure to Present Exculpatory Evidence

As an initial matter, the Court has granted an extension permitting the Defendant to file his Motion to Dismiss by April 28, 2014. *See* Doc. 212.

Regardless, the Defendant's claim that he needs the grand jury transcript to prepare his Motion to Dismiss for Failure to Present Exculpatory Evidence is wholly improper because the Defendant has no right to present exculpatory evidence at a grand jury proceeding. *United States v. Williams*, 504 U.S. 36, 51-52 (1992) (stating that the purpose of a grand jury is to assess whether there is adequate basis for bringing a criminal charge and that it has always been thought sufficient to hear only the prosecutor's side).

Moreover, the Defendant must articulate a particularized need to pierce the veil of grand jury secrecy. Defendant's blanket statement that he needs to "prepare the motion to dismiss for failure to present exculpatory evidence" is too broad to constitute a specific and allowable use. *See In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991) (stating that a showing of particularized need impliedly requires the party seeking disclosure to demonstrate a specific and allowable use for the testimony).

## CONCLUSION

For the above stated reasons, Defendant's Motion to Compel is DENIED.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE