IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                  No. 12-CR-1246 WJ

JIANYU HUANG,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION IN LIMINE TO PROHIBIT TRIAL COUNSEL FROM MAKING REFERENCES TO UNRELATED FEDERAL CRIMINAL CASES, SUCH AS THE *HUDAK* AND *WEN HO LEE* CASES (Doc. 238)**

THIS MATTER comes before the Court upon the United States' Motion in Limine to Prohibit Trial Counsel from Making References to Unrelated Federal Criminal Cases Such as the *Hudak* and *Wen Ho Lee* Cases (Doc. 238) filed on April 14, 2014.

Defendant claims that references regarding the "Department of Justice and its political motivations with regard to that prosecution…[is] fair game…in this case." Doc. 273. Further, Defendant believes it "would also be proper…to ask the venire panel during voir dire what they thought of both the *Wen Ho Lee* and *Hudak* cases" in search of "possible juror bias" because those cases "received extensive media coverage" and they "involved allegations involving national security as well as aiding a foreign government, much like the allegations in this case with regard to the FISA wiretap." *Id.*

The Court disagrees. As the Government notes pursuant to Rules 401 and 402, "[r]eferences…to prior federal criminal cases, as well as the Department of Justice's case screening and charging process bear no relation to Defendant or the criminal conduct with which he is charged, and cannot be definition make the existence of any fact that is of consequence in

1

the case more or less probable." If the defense counsel seeks to detect juror bias, he may do so by asking specific questions that do not reference unrelated federal criminal cases. The Court can also provide instruction to the jury to leave behind the facts of other cases and to focus on determining the facts in this case. To do otherwise may confuse the jury and improperly suggest that the United States' action in this case are motivated in bad faith.

    Accordingly, the Court GRANTS the United States' Motion in Limine.

    **SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE