**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

UNITED STATES OF AMERICA,

      Plaintiff,

   vs.                          CRIMINAL NO. 12-1246 WJ

JIANYU HUANG,

      Defendant.

**MEMORANDUM OPINION AND ORDER  DENYING
DEFENDANT'S REQUEST FOR RECONSIDERATION OF RELEVANCY RULING;
STRIKING DEFENDANT'S NOTICE OF FILING OF JUNE 6, 2014;
DENYING AS MOOT MOTION FOR EXTENSION OF TIME (DOC. 284); and
ALLOWING ADDITIONAL TIME IN WHICH TO SUBMIT A REVISED REQUEST
FOR CLASSIFICATION REVIEW**

THIS MATTER comes before the Court regarding Defendant's request for classification review of documents which Defendant regards as probative and exculpatory information.   The request began with Defendant's motion to compel the Government to declassify this material, and although the Court has ruled on that particular motion (Doc. 157), the issue has been ongoing for several months.   This Order is intended to set forth the final parameters for Defendant to follow in resubmitting the classification request.

**BACKGROUND**

Some background is essential here, and is best set forth using the docket timeline:

Doc. 189:  Court entered Order striking Defendant's motion to compel the Government to declassify almost 35,000 documents (Doc. 157), and further requiring Defendant to identify with specificity the relevance of each of the requested documents to be declassified.

Doc. 225:  Defendant submitted response to Court's order to identify requested documents to be declassified with specificity.

Doc. 252:  Court's Order striking Defendant's submission on the basis that much of the material for which classification review was requested was neither relevant nor was it defined with particularity, as required by the Court's previous Order.   The Court also provided Defendant with additional time to provide the Court with amended submission.

Doc. 263:  Defendant filed a "response" to the Court's Order striking the previous submission. In this "response," Defendant also requested the Court to reconsider its finding with regard to relevancy and that if the Court found that the material to be reviewed for classification was relevant, Defendant would be given twenty days to address the Court's specificity objections. Because Defendant had styled the pleading as a "response," the Court overlooked counsel's request for the twenty-day extension.

Doc. 280:  Having realized that counsel had requested an extension of time in the "response" to the Court's Order, the Court entered an Order giving defense counsel a few days extension of time beyond the twenty-day extension requested.   Under this Order, the revised submission would be due on Friday, May 30, 2014 in which time counsel was to file an amended justification for the classification review requests for specific discovery documents.

Doc. 284:  Defense counsel requested an additional thirteen days, until Thursday, June 5, 2014, in which to file the submission to comport with the Court's specificity requirement for the classification review requests.

Doc. 285:  The Court deferred ruling on this last request for additional time.  The Court acknowledged that counsel's initial request for a twenty-day extension (Doc. 263) appeared to be conditional on the Court's reconsideration of its finding regarding relevance.   *See* Doc. 285 at 1.[1]  At the same time, the Court also realized that the relevance of material concerning Defendant's prior work collaborations, which constituted a large part of the tens of thousands of documents for which classification review was requested, was a central issue in the Government's motion in limine to exclude Defendant's prior uncharged work, filed on April 14, 2014 (Doc. 235).  The Court deferred ruling on Defendant's request for additional time, stating:

> Thus, the Court defers ruling on counsel's motion to reconsider its rulings regarding relevancy, and Defendant's request for an extension of time, until the Court rules on the Government's motion in limine to be heard on June 9, 2014.

Doc. 285 at 2.   In that Order, the Court also vacated its previous order, Doc. 280, which had granted counsel an extension of time beyond the twenty days requested.

## DISCUSSION

---

[1]   However, counsel's most recent request for the additional thirteen days in which to file an amended submission was not consistent with counsel's previous request for the twenty-day extension of time, which was premised on the Court's reconsideration of its finding regarding relevancy of the materials.   This apparent inconsistency has led to some confusion on the Court's part as far as what counsel is seeking with respect to additional time.

Following a hearing, the Court recently granted the Government's motion in limine, excluding the admission of specific instances of Defendant's prior work at Sandia National Laboratories ("Sandia") (Doc. 299), filed June 26, 2014.

On June 6, 2014, Defendant filed a Notice of Filing of Defendant's Response to the Court's Orders (Docs. 252, 280 and 285) Requiring Defendant to Specify with Particularity the Documents to be Declassified and Filed Under Seal with the Classified Information Security Officer or Designee (Doc. 291).   Because the Court had not reconsidered its relevancy filing for Defendant's previous submissions at the time of this filing, the filing was premature.  Also, the Court had not yet ruled on the Government's motion in limine regarding Defendant's prior uncharged work, and thus Defendant would not have had the benefit of the Court's ruling on that matter in order for the substance of the June 6th filing to reflect the Court's decision.[2]  For this reason, the Court will not consider the material filed by Defendant in its June 6th Notice of Filing, as it most likely still includes thousands of documents relating to Defendant's prior uncharged work, and the Court STRIKES this pleading and submission.

In granting the Government's motion in limine (Doc. 235), the Court has excluded evidence of Defendant's work for Sandia that had been approved or authorized by Sandia management.  This is the same kind of evidence, in part, for which Defendant has previously requested a classification review (see, e.g., Docs. 189, 225 & 252).  This category of evidence is comprised of literally tens of thousands of documents, including e-mails, relating to Defendant's authorized work at CINT ("Center for Integrated Technologies") which Defendant contends are

---

[2]  Defendant filed its Notice of Filing four days after the Court had entered an Order deferring ruling on counsel's request for an extension of time and on its ruling regarding relevancy, thus counsel was aware that the submissions for the classification review requests were not due.  This filing also took place three days before the hearing at which the Court would hear the issue that would bear on the relevancy issue, yet Defendant decided to submit its amended justification for the classification review before the Court made that decision.  The Court does not necessarily attribute any untoward motive on the part of defense counsel in filing the submission prematurely, but instead views it as a classic example of "getting wires crossed" with the Court based on the numerous pleadings filed on the issue.

"no different" from the charged conduct, and are therefore relevant to the substantive elements in the charged criminal offenses, specifically that Defendant acted "without authority" in Counts 1 through 5.  *See* 18 U.S.C. §666(a).  Thus, the Court's recent ruling on the Government's motion in limine eliminates a huge chunk of the documents for which Defendant will be able to seek a classification review.  This also means that the Court denies Defendant's motion to reconsider its ruling regarding relevancy of Defendant's prior uncharged conduct.  The Court has ruled that such evidence is not relevant to the substantive law of the charged offenses, and Defendant is expected, when resubmitting the classification request, to abide by that ruling.

Defendant is hereby given **TWENTY (20) DAYS** from the entry of this Order to resubmit his request for classification review of documents.  The submission should comply with the following:

- The submission shall not include any material concerning Dr. Huang's prior uncharged work or collaborations, consistent with this Court's ruling regarding relevancy and admissibility of such material;

- Each document or category of documents should be identified in detail and specify its relevance to the elements in the charged offenses;

- Each and every request, whether requested as a document or a category, shall provide the NUMBER OF PAGES for each and every document for which classification review is requested, and for each and every category of documents.  It will not be sufficient to specify the number of kilobytes (KB), megabytes (MB), gigabytes (GB), or "files";

- The submission shall also include a final tally of the TOTAL NUMBER of PAGES (NOT "files," KB, MB, or GB) in the classification review request.

Counsel's failure to follow all of the above may result in the Court's striking of the submission.  Because jury selection is currently set for the end of November (*see* Doc. 268), there is no guarantee that the Court will provide any further opportunities to make corrections.

Defendant's revised submission for the classification review request is due for filing **on or before twenty (20) days from the filing of this Order.**   Because this time period extends past

the time requested by defense counsel in Doc. 284, the Court finds the request for additional time in Doc. 284 to be MOOT, and denies the motion as such.

**CONCLUSION**

In sum, the Court DENIES Defendant's request for reconsideration of its ruling regarding relevancy of evidence pertaining to Dr. Huang's prior uncharged work.[3]   The Court also STRIKES Defendant's Notice of Filing of June 6, 2014 (Doc. 291) because it was filed prior to the Court's ruling regarding evidence of Defendant's prior uncharged work.

The Court DENIES as moot Defendant's Motion for an Extension of Time (Doc. 284); and allows Defendant TWENTY (20) DAYS from the time this Order is entered in which to formally submit a revised request for classification review, which shall comply with the directions set forth in this Memorandum Opinion and Order.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

---

[3]   The Court's denial does not dispose of a motion, but simply Defendant's request for reconsideration that was included in a "response" (Doc. 263) to the Court's Order striking his previous submission.